**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Hezekiah Esau Baker,

Plaintiff,

v.

Weststar Credit Union, *et al.*,

Defendants.

Case No. 2:21-cv-02128-JAD-BNW

**ORDER**

*Pro se* Plaintiff Hezekiah Esau Baker brings this suit related to his Social Security payments being taken without his consent. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis* (at ECF No. 1).

The Court will now screen Plaintiff's complaint (ECF No. 4) and address Plaintiff's motion at ECF No. 5.

**I.     Screening**

**A.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1    his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

2    2014) (quoting *Iqbal*, 556 U.S. at 678).

3        In considering whether the complaint is sufficient to state a claim, all allegations of

4    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

5    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

6    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

7    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

8    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

9    Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se*

10    plaintiff should be given leave to amend the complaint with notice regarding the complaint's

11    deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12    **B.**      **Screening the Complaint**

13        Plaintiff sues Weststar Credit Union ("WSCU"), certain unnamed employees, and

14    Deborah Faris under 42 U.S.C. § 407. ECF No. 4 at 1. Plaintiff alleges that, in 2013, he opened

15    checking and savings accounts with WSCU. *Id.* at 2. He had his Social Security benefits directly

16    deposited into his savings account. *Id.* at 3. According to Plaintiff, WSCU was *not* authorized to

17    transfer money between the two accounts to pay off any debts for Plaintiff. *Id.* at 2. However, on

18    September 3, 2020, WSCU transferred funds from his savings account to his checking account to

19    pay a debt. *Id.* Plaintiff alleges that this was a violation of 42 U.S.C. § 407, which prohibits Social

20    Security benefits from being taken from beneficiaries in certain ways. *Id.* at 2, 3, 4. Plaintiff

21    further alleges that WSCU's actions "played a substantial role" in Plaintiff being "displaced from

22    his place of residence . . . ." *Id.* at 4. As a result, Plaintiff seeks monetary damages. *Id.*

23        42 U.S.C. § 407(a), involving Social Security benefits, provides as follows:

24       The right of any person to any future payment under this subchapter shall not be
25       transferable or assignable, at law or in equity, and *none of the moneys paid or payable* or rights existing under this subchapter *shall be subject to* execution,
26       levy, attachment, garnishment, or *other legal process*, or to the operation of any bankruptcy or insolvency law.

27

28

42 U.S.C.A. § 407 (West) (emphasis added). The Ninth Circuit has "broadly construed the phrase 'other legal process' within Section 407(a)." *Lopez v. Washington Mut. Bank, FA*, 302 F.3d 900, 903 (9th Cir.), *opinion amended on denial of reh'g sub nom. Lopez v. Washington Mut. Bank, F.A.*, 311 F.3d 928 (9th Cir. 2002). It has noted that "Section 407(a) was designed 'to protect social security beneficiaries and their dependents from the claims of creditors . . . .'" *Id.* Accordingly, the Ninth Circuit determined that the phrase "other legal process" includes withdrawing Social Security benefits from accounts without consent. *Id.* at 903-04.

*Lopez* is instructive in determining whether Plaintiff states a claim in this case. In *Lopez,* the Ninth Circuit specifically considered whether a bank's overdraft policies violated 42 U.S.C. § 407(a). The bank's policies allowed customers' checks to be cashed even if there were insufficient funds in the customers' accounts. *Id.* at 902. When this occurred, the accounts would be overdrawn and would incur overdraft fees, which would be covered by Social Security payments the customers had directly deposited into their accounts. *Id.* at 902-03. The court held that Section 407(a) was not violated by the bank's overdraft policies because plaintiffs agreed to these policies and chose to have their Social Security benefits directly deposited. *Id.* at 904. Accordingly, the court concluded that there was simply no indication that the plaintiffs did not voluntarily agree to apply their Social Security benefits in this manner. *Id.*

Here, by contrast, Plaintiff alleges that he had his Social Security benefits directly deposited into this savings account, WSCU did *not* have authorization to transfer money out of his savings account to cover any debts, and that WSCU did so anyway. ECF No. 4 at 2-3. Accordingly, Plaintiff's case is distinguishable from *Lopez*, as Plaintiff alleges that he did not consent to WSCU using his Social Security benefits to pay a debt. Given this fact, the broad construction the Ninth Circuit has given the phrase "other legal process," and the liberal construction courts are to *afford pro se* complaints, it appears Plaintiff states a claim against WSCU at least for purposes of surviving screening.

Plaintiff does not, however, allege how the other named defendant (Deborah Faris) violated his rights. *See* ECF No. 4. While Plaintiff generally alleges that WSCU employees transferred money from his savings account to his checking account to pay a debt, he does not

1   specify that Deborah Faris was one of these employees. *See id*. Indeed, Plaintiff does not allege

2   any specific facts against Ms. Faris that could state a claim for relief against her. *See id*.

3   Accordingly, the Court will dismiss Ms. Faris without prejudice. Plaintiff may seek to amend his

4   complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules if he can

5   allege specific facts against Ms. Faris to state a claim against her.

6   **II.     Plaintiff's Motion (ECF No. 5)**

7        Plaintiff's motion at ECF No. 5 appears to have been filed in two cases (this case and

8   2:21-cv-01332-GMN-NJK). *See* ECF No. 5 at 1. Plaintiff's motion contains many thoughts and is

9   difficult to follow. *See* ECF No. 5. However, it appears that it should only have been filed in

10  21cv1332, as Plaintiff requests that the Court send him a copy of his third amended complaint. *Id.*

11  at 5-6, 12. Plaintiff has not filed a third amended complaint in this case but has filed one in

12  21cv1332. *See* ECF No. 24 in 2:21-cv-01332-GMN-NJK. Additionally, the caption on Plaintiff's

13  motion contains defendants that are not sued in this case but are sued in 21cv1332. *See id.* at 1.

14  Accordingly, the Court will deny Plaintiff's motion in this case, as it appears it should have only

15  been filed in 21cv1332. To the extent Plaintiff seeks relief in this case, he must file an appropriate

16  motion that is applicable to this case only.

17  **III.    CONCLUSION**

18       **IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis*

19  (ECF No. 1) is GRANTED.

20       **IT IS FURTHER ORDERED** that this case will proceed against Weststar Credit Union.

21       **IT IS FURTHER ORDERED** that Deborah Faris is dismissed without prejudice.

22       **IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff one blank copy

23  of form USM-285.

24       **IT IS FURTHER ORDERED** that Plaintiff shall have until April 27, 2022 to fill out and

25  file the required USM-285 form. On the form, Plaintiff must fill in an address for defendant

26  Weststar Credit Union where it will accept service of process.

27

28

1    **IT IS FURTHER ORDERED** that, if Plaintiff timely files the USM-285 form, the Court

2    will issue a separate order to effectuate service. If Plaintiff does *not* file the USM-285 form, the

3    Court may recommend that this case be dismissed.

4    **IT IS FURTHER ORDERED** that Plaintiff's motion at ECF No. 5 is DENIED.

5

6    DATED: March 31, 2022.

7    _____

8    BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28